■ In the Matter of Zion Hia, Appellant, v New York City Department of Correction et al., Respondents. [974 NYS2d 51]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 8, 2012, which denied the petition seeking, inter alia, a declaration that respondent the New York City Department of Citywide Administrative Services (DCAS) acted arbitrarily in establishing an agency-specific civil service promotional list unique to respondent the New York City Department of Correction (DOC), from which list he was not selected for promotion, and granted respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78 as time-barred, unanimously affirmed, without costs.

On July 6, 2011, DCAS established a promotional list for DOC to fill the position of Administrative Construction Project Manager. The list identified two eligible candidates, one of whom was petitioner. As the eligibility list contained fewer than three names, DOC was not required to make a selection therefrom for promotion (*see* Civil Service Law § 61 [1]; Personnel Rules and Regs of City of NY [55 RCNY Appendix A] ¶ 4.7.1 [c]). The eligibility list was accessible to petitioner on July 11, 2011, through DCAS's automated Interactive Voice Response System, to which petitioner was directed by both DCAS's notice of examination and its notice of result. In addition, the list was

published in The Chief Leader, a civil service oriented newspaper, on July 29, 2011.

DCAS's determination became final and binding upon its promulgation of the eligibility list, at which time petitioner knew or should have known that he was aggrieved thereby (see *Matter of Martin v Ronan*, 44 NY2d 374, 380 [1978]; *Matter of Johns v Rampe*, 23 AD3d 283, 284 [1st Dept 2005], *lv denied* 6 NY3d 715 [2006]). In the absence of any statute or regulation entitling petitioner to individual written notice of the eligibility list, no such notice was required (see *Johns*, 23 AD3d at 284-285).

As the petition was brought more than four months after the challenged determination became final and binding, it is time-barred (see CPLR 217 [1]). Concur—Sweeny, J.P., Renwick, Feinman and Clark, JJ.